Filed 3/2/21  P. v. Encarnacion CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>RAUL CRUZ ENCARNACION,<br><br>    Defendant and Appellant. | G058830<br><br>(Super. Ct. No. 17CF1312)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Andre Manssourian, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*     \*     \*

Appellant Raul Cruz Encarnacion was charged with two felony counts related to driving under the influence of alcohol (count 1: Veh. Code, § 23152, subd. (a); and count 2: Veh. Code, § 23152, subd. (b)); and a misdemeanor violation of driving without a valid license (count 3: Veh. Code, § 12500, subd. (a)). It was also alleged he had three prior misdemeanor driving under the influence (DUI) convictions within the past 10 years (Veh. Code, § 23550.5, subd. (a)), he had suffered two prior felony convictions that resulted in state prison sentences (Pen. Code, § 667.5, subd. (b)), and his blood alcohol level exceeded .20 percent when he was arrested (Veh. Code, § 23538, subd. (b)(2)).

Encarnacion went to trial on all charges and the blood alcohol level allegation. Count 3 was dismissed. The state prison and prior DUI conviction allegations were bifurcated at appellant's request.

A jury found Encarnacion guilty of both DUI counts; it also found true the blood alcohol allegation. The trial court then found true the prison priors and the DUI prior allegations. Encarnacion was sentenced to the aggravated term of three years in state prison on count 1; sentence was stayed pursuant to Penal Code section 654 on count 2. The prior prison allegations were dismissed for purposes of sentencing.

Encarnacion appeals from that judgment.

We appointed counsel to represent defendant on appeal. Counsel tells us she "thoroughly reviewed the record in this case" and consulted with Appellate Defenders, Inc. She then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Counsel did not argue against her client's interest, but she informed us she was unable to find any issue to argue on her client's behalf. Encarnacion has been given the opportunity to file a brief on his own behalf but he has not done so.

As required, we have examined the entire record to determine whether it contains any arguable appellate issue. To assist us in our evaluation, appointed counsel alerted us to one issue that she believed we should consider, to wit: "Did the trial court err in denying appellant's pretrial *Trombetta*[1] motion regarding the blood sample that was not available at the time of trial for independent testing?"

After considering the entire record, and counsel's suggestion, we concur this record contains no arguable appellate issue. We therefore affirm the judgment.

**FACTS**

The facts here are straight forward. In May 2017 Encarnacion was arrested near a DUI checkpoint operated by the Santa Ana Police Department. A blood alcohol sample subsequently extracted from him revealed his blood alcohol level at the time the sample was taken was .22.

Encarnacion's trial was delayed by the fact that, after his arrest, he spent a substantial amount of time in federal custody related to immigration issues. When he was finally returned to local custody, the public defender's office was appointed to represent him. Prior to the commencement of his jury trial in 2019, Encarnacion's counsel made a motion to dismiss the case "because of loss and/or destruction of evidence and denial of due process." This motion arose out of the apparently undisputed fact that prior to trial Encarnacion's blood sample was intentionally destroyed by the Orange County Sheriff's crime laboratory as a result of its policy of retaining such evidence for only two years after a suspect's arrest unless a specific request was made to retain the evidence longer. As a result, defense counsel had no opportunity to retest the blood sample. Encarnacion argued that such conduct violated the due process directives

---

[1]    (*California v. Trombetta* (1984) 467 U.S. 479 (*Trombetta*).)

set forth in *Trombetta*, *supra*, 467 U.S. 479 and *Arizona v. Youngblood* (1988) 488 U.S. 51. The trial court disagreed and denied the motion.

## DISCUSSION

We agree with the trial court's conclusion that Encarnacion's motion to dismiss lacked merit. First, the motion failed to satisfy the condition precedent required for the granting of such a motion. It is well established that the moving party on a *Trombetta* motion must prove destruction of the evidence was done in bad faith in order to prevail. As the trial court correctly observed, Encarnacion produced no evidence to demonstrate that law enforcement acted in bad faith here. To the contrary, the uncontested evidence suggested the crime laboratory acted in a manner that was consistent with its established policy related to evidence retention.

Second, the evidence must possess "exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Trombetta, supra*, 467 U.S. at p. 489. Once again, proof that Encarnacion's blood sample might have had "exculpatory value" at the time it was routinely destroyed is wholly lacking here. This blood sample was tested at the crime lab and the result indicated that Encarnacion's blood alcohol level was .22, nearly three times the legal limit, at the time the sample was taken. It seems to us that these obvious problems are the likely reason appellate counsel did not further pursue this issue. Her analysis was correct.

We find no other arguable appellate issue here.

4

**DISPOSITION**

The judgment is affirmed.


                                        GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

5